FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER S. GOEPFERT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | No. 2:22-CV-00062-SAB<br><br>**ORDER GRANTING SUMMARY JUDGMENT; DENYING MOTION TO STRIKE** |

On June 14, 2024, the Court held a motions hearing in the above-captioned case via videoconference. Plaintiff was represented by Michael Maurer and Reid Johnson. Defendant was represented by Michael Mattingly, Susan Stahlfeld, and Breia Lassiter.

At the hearing, the Court addressed Defendant's Motion for Summary Judgment, ECF No. 41, and Plaintiff's Motion to Strike, ECF No. 51. For the reasons stated on the record and because the arguments were not relied upon, the Court **denied as moot** Plaintiff's Motion to Strike. After considering the arguments, briefs, and caselaw, the Court **grants** Defendant's Motion for Summary Judgment as to the WLAD failure to accommodate and pretext for termination claims; the Court **denies** as to the preemption challenge.

//

//

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE** *1

## MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## BACKGROUND

This case was filed in the Superior Court of Washington for Grant County on March 14, 2022. Defendant United Parcel Service ("UPS") removed the case to federal court in the Eastern District of Washington on April 6, 2022, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE *2**

Plaintiff was terminated by Defendant on January 22, 2021, for returning positive breathalyzer tests on January 11, 2021, in violation of the Defendant's Alcohol and/or Drug Rehabilitation Agreement under their American Substance Abuse Professionals program. He alleges in his Complaint that his disability requires the use of an inhaler, which interferes with the accuracy of a breathalyzer. As such, Defendant failed to accommodate his disability by not giving him a blood test. Plaintiff suffers from severe chronic asthma, with symptoms such as shortness of breath, difficulty breathing, chest tightness, chest pain, wheezing, and coughing. He uses a variety of inhalers, and ethanol is an ingredient in several.

In June 2012, Plaintiff received an alcohol-related driving citation and was entered into the UPS/IBT Alcohol and/or Drug Rehabilitation Agreement. Defendant requires participating employees to take regular alcohol and drug tests under the terms of the Agreement. The testing methods—breathalyzer tests—were outlined in the Agreement.

On July 3, 2013, Plaintiff returned a BAC of 0.033, with a second test showing 0.025. This exceeded the level negotiated for under Plaintiff's union Collective Bargaining Agreement ("CBA") of 0.02. Defendant notified Plaintiff they intended to terminate his employment, and he challenged the termination, claiming his inhaler caused a false positive. Defendant hired Dr. Todd Simo to review whether an asthma inhaler could return a false positive on a breathalyzer test. He determined in Plaintiff's case it could not. However, Plaintiff's employment was reinstated under a new Second Agreement in November 2013, requiring he enter a new rehabilitation program and admit to his use of alcohol.

Between 2013 and 2021, Plaintiff did not request a blood test and did not fail any breathalyzer tests. On September 21, 2020, Plaintiff entered a Third Agreement and reentered the Alcohol and/or Drug Rehabilitation program with Defendant after completing an inpatient treatment program for alcohol use.

On January 11, 2021, Plaintiff took a BAC test at 8:48 a.m. at the

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE *3**

Confluence Medical Clinic in Moses Lake, Washington. In the days leading up to the test, he claims he experienced several asthmatic attacks and used his prescribed inhalers, heavily on the day of the test. The test resulted in a BAC of .036. They administered a second breathalyzer test at 9:06 a.m., which resulted in a BAC of .026. The Clinic also took a urine sample but did not test it for alcohol use.

Plaintiff requested a blood test the same day, but the Clinic could not accommodate the request without an additional order. He made the request after he left the Clinic and then returned, likely allowing his blood alcohol level to dissipate further.

On January 14, 2021, and per the CBA, Defendant held a pre-disciplinary hearing regarding Plaintiff's breathalyzer tests. Plaintiff explained his use of an inhaler and requested a blood test. Defendant submitted the January 11, 2021, test results to Dr. Simo, and he again determined inhaler use could not have resulted in a positive breathalyzer test above 0.02. Plaintiff was terminated on January 22, 2021.

From March 22 to 25, 2021, Plaintiff took his grievance over termination to the UPS Labor-Management Committee, comprised of UPS and Union representatives. He was represented by the Union, and the panel upheld his termination by a majority vote.

Plaintiff brings claims for (1) Failure to Accommodate in Violation of Revised Code of Washington ("RCW") 49.60; and (2) Disability Discrimination in violation of the Washington Law Against Discrimination ("WLAD"). He seeks special and general compensatory damages, including for lost wages, benefits, and emotional distress; prejudgment interest; and attorney's fees and costs. He also seeks the reinstatement of his employment with Defendant at the same position and will all benefits, referring back to his date of termination.

//

//

**ORDER GRANTING SUMMARY JUDGMENT;**
**DENYING MOTION TO STRIKE \*4**

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant filed for summary judgment on three arguments: (1) Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a); (2) Plaintiff failed to request the blood test accommodation before taking the breathalyzer test; and (3) Plaintiff cannot present any evidence Defendant discriminated against him for chronic asthma or that his termination was pretextual. The Court looks at each in turn.

### *Preemption Under Section 301 of LMRA*

"[W]hen a resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, [. . .] or dismissed as pre-empted by federal labor-contract law"). *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Further, "the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960).

Defendant argues the state-law WLAD claim must be dismissed as preempted by federal labor law under Section 301 of the LMRA because, to assess the WLAD claim, the Court must interpret Plaintiff's union Collective Bargaining Agreement ("CBA").

Plaintiff's UPS contract, which was collectively negotiated, included terms for alcohol testing and its grievance process. He violated the terms when he returned positive breathalyzer tests at levels higher than the bargained-for .02 in 2021. His disciplinary action proceeded through the pre-determined adjudicative process for terminating employees, and he appeared before a panel of both UPS and Union members.

This process is not disputed. Rather, Plaintiff claims Defendant violated the

**ORDER GRANTING SUMMARY JUDGMENT;**
**DENYING MOTION TO STRIKE *5**

WLAD, not the CBA, when it discriminated against him for his asthma and use of an inhaler by (1) failing to provide reasonable accommodation in the form of a blood test, and (2) using the positive breathalyzer test on January 11, 2021, as a pretext for termination.

Plaintiff's claim "is the touchstone for the preemption analysis, and 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim' to trigger preemption." *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc)). "[M]ere consultation of the CBA's terms, or speculative reliance on the CBA will not suffice to preempt a state law claim." *Id.*

The Ninth Circuit reviews Section 301 preemption challenges using a two-part test: (1) "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA'", meaning the claim would vindicate a right or duty created by the CBA; and if not, then (2) "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the court must *look to* or *interpret* the CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152–53 (9th Cir. 2019). If a state law claim avoids raising question of CBA scope, meaning, or application, then it may avoid preemption. *Id.*

Here, the right in existence is a result of the state WLAD, not the CBA. The Court does not need to interpret the CBA to analyze Plaintiff's state law claims.

Section 301 preemption does not apply, and as such, Defendant's motion as it relates to the preemption issue is **denied**.

### *WLAD - Failure to Accommodate Claim*

Defendant argues Plaintiff cannot prove a WLAD Failure to Accommodate claim because Defendant did reasonably accommodate his asthma disability.

To prove Failure to Accommodate under WLAD, Plaintiff must show (1) he had a disability, (2) he was qualified for the job, (3) he gave notice of the disability, and (4) the employer failed to reasonably accommodate. Wash. Rev.

**ORDER GRANTING SUMMARY JUDGMENT;**
**DENYING MOTION TO STRIKE *6**

Code 49.60.180(2); *Hill v. BCTI Income Fund-I*, 144 Wash. 2d 172, 192–93 (2001), *abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 189 Wash.2d 516 (2017).

Plaintiff gave Defendant notice of his asthma disability in 2013 after a failed breathalyzer test and termination proceeding for alcohol use. He argues that eight years later, Defendant failed to accommodate his asthma by refusing to offer a blood test after the January 2021 positive breathalyzer test. Under WLAD, if he had given proper notice of the need for alternate testing, he would not have needed to formally request the blood test because a failure to request "does not absolve the employer of its obligation to reasonably accommodate its employees' disabilities." *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 877 n.7 (9th Cir. 1989).

But Plaintiff did not provide Defendant with sufficient notice that he required alternative testing before his 2021 test, so that Defendant could not "engage in a good faith interactive process of identifying barriers to equal opportunity and possible accommodations." *Austin v. Boeing Co.*, 2013 WL 230824, at *4 (W.D. Wash. Jan. 22, 2013) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1104, 1114 (9th Cir. 2000)).

During the 2013 proceedings, Defendant did not order blood tests in place of breathalyzer tests as a part of Plaintiff's Agreement because they investigated Plaintiff's claims that his inhaler could cause a false positive. They hired Dr. Simo to assess whether an inhaler could result in a false positive breathalyzer test above 0.02. He determined it could not, and Plaintiff also admitted to his alcohol use. As a result of these two findings, Defendant proceeded with the new Agreement and required breathalyzer tests over the next eight years. The facts indicate Plaintiff never requested an alternative test and did not alert anyone to his inhaler use prior to the 2021 test.

Plaintiff also requested a urine test after the 2021 incident. But Defendant could not accommodate the request because it would violate the CBA. Article 35,

**ORDER GRANTING SUMMARY JUDGMENT;**
**DENYING MOTION TO STRIKE *7**

Section 4.2 of the CBA required Defendant adhere to the United States Department of Transportation ("DOT") alcohol testing requirements. DOT standards do not allow for blood and urine tests for alcohol testing. 49 C.F.R. § 40.277.

As it relates to his asthma, Defendant did accommodate Plaintiff by allowing him time to fill prescriptions and the ability to avoid smoke during fire season.

Defendant gave Plaintiff several chances and nearly a decade worth of opportunity to correct his alcoholic habits around his work duties. Instead of entering into a fourth agreement for treatment while allowing him to continue working as a driver, Defendant exercised its right to terminate Plaintiff's employment. Its actions meet the WLAD standards.

Based on the undisputed material facts, the Court **grants** Defendant's motion as it relates to the WLAD Failure to Accommodate claim. No reasonable jury would find that Defendant failed to accommodate Defendant's disability.

### *WLAD - Pretext for Termination Claim*

Finally, Defendant argues Plaintiff failed to present a discriminatory reason for why it allegedly used the breathalyzer test as a pretext for termination.

Under WLAD, Plaintiff must show (1) he is disabled, (2) he was subject to an adverse employment action, (3) he was doing satisfactory work, and (4) he was terminated under circumstance that "raise a reasonable inference of unlawful discrimination." *Brownfield v. City of Yakima*, 178 Wash. App. 850, 873 (2014). When assessing a pretext claim, Washington State courts rely on the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792, 802–03 (1973). Under the three-prong test, (1) Plaintiff must "bear the initial burden of establishing a prima facie case of discrimination"; (2) Defendant then must "articulate a legitimate, nondiscriminatory reason for the adverse employment action"; and (3) Plaintiff must then "produce sufficient evidence that Defendant's alleged nondiscriminatory reason [. . .] was a pretext." *Scrivener v. Clark Coll.*, 181 Wash. 2d 439, 445–46 (2014). Even if an employer's stated

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE \*8**

1. reason is legitimate, Plaintiff can still prove pretext if the discriminatory reason "was a substantial factor motivating the employer." *Id.* at 447.

   Here, Plaintiff claims Defendant terminated him due to his asthma because it chose not to use alternative testing options to the breathalyzer, which would not interfere with his inhaler use. He relies on federal law to support this argument, which views "conduct resulting from a disability [] to be a part of the disability, rather than a separate basis for termination." *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1139–40 (9th Cir. 2001). The plaintiff in *Humphrey* was terminated for absenteeism caused by her disability. But here, Defendant did not terminate Plaintiff because of his asthma. Rather, they terminated Plaintiff because he failed alcohol tests over eight years of employment. Regardless, Plaintiff brought a WLAD claim, not an Americans with Disabilities Act ("ADA") claim as in *Humphrey*.

   Plaintiff also presents an email from Defendant's Labor Relations Manager sent two days before Plaintiff's disciplinary meeting and regarding his termination: "I will send the termination letter soon. I know this employee will grieve this termination." The Court finds this out-of-context exchange inadequate to show Defendant used the breathalyzer test as a pretext to terminate Plaintiff.

   Defendant conducted the appropriate grievance review per the CBA, and a panel found against Plaintiff. Then, it proceeded with termination. Defendant gave Plaintiff chances to rehabilitate over the course of his employment, offering him three opportunities to enter a UPS Alcohol and/or Drug Rehabilitation Agreement. Further, during Plaintiff's formal adjudication pursuant to the CBA, Defendant investigated his claims the inhaler caused a false positive result on the breathalyzer test. Dr. Simo found the possibility of an error in the test over the allowed 0.02 level unlikely. After the panel of Union and UPS members denied Plaintiff's grievance, Defendant terminated Plaintiff.

   Based on the undisputed material facts, Plaintiff cannot pass the first prong

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE *9**

of the *McDonnell Douglas* test because there was no discriminatory reason for termination. The Court **grants** Defendant summary judgment on the WLAD claim regarding pretext for termination.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 41, is **GRANTED in part** and **DENIED in part**, as identified above.

2. Plaintiff's Motion to Strike, ECF No. 51, is **DENIED as moot**.

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

4. All deadlines and hearings are **STRICKEN**.

5. The above-captioned case is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 3rd day of July 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING SUMMARY JUDGMENT;
DENYING MOTION TO STRIKE** *10